IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  36480-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ARMANDO GOMEZ-DIAZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Armando Diaz appeals from convictions for child molestation and attempted rape of a child in the second degree, raising claims of evidentiary insufficiency and prosecutorial misconduct, as well as challenging a community custody condition. We affirm.

FACTS

Mr. Diaz was charged with having inappropriate physical contact with his stepchildren, M.G. and A.G.  M.G. testified Mr. Diaz regularly touched her inappropriately beginning when she was 11 years old.  Mr. Diaz acknowledged he once touched her breast under her clothing, but claimed it was accidental.  The children's

mother testified to Mr. Diaz's age and that he was never married to M.G. The prosecutor argued at closing without objection that the inappropriate conduct occurred in 2014 when M.G. was 11, before Mr. Diaz married M.G.'s mother in 2015. During deliberations, the jury asked the court about M.G.'s age. The court instructed jurors to rely on their memory.

The jury found Mr. Diaz guilty of molesting M.G. and attempted rape of A.G. The jury found Mr. Diaz not guilty of four other charges. The court imposed a standard range sentence that included lifetime community custody. One community custody condition requires that all visitations by Mr. Diaz with children under 16 be supervised by an approved adult, including visits with Mr. Diaz's biological children.

Mr. Diaz timely appealed to this court. A panel considered his case without conducting argument.

## ANALYSIS

In order, we consider his arguments that the evidence supporting the molestation conviction was insufficient[1] and that the court erred by limiting his contact with his biological children.

---

[1] Appellant needlessly argues that the prosecutor committed misconduct in stating the victim's age in closing argument and that his own counsel erred in failing to object. These derivative arguments are useless. If the prosecutor failed to prove the child's age, then the conviction would be reversed for that reason. If, as here, evidence of age was present, then neither attorney erred. Thus, we decline to discuss either argument further.

*Evidentiary Sufficiency*

Mr. Diaz argues that M.G.'s age was not established by the testimony. The jury had sufficient evidence to find that she was under 12 at the time of the crime.

Familiar standards of review govern this challenge. An appellate court reviews the record to see if there was evidence from which the trier of fact could find each element of the offense proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Jackson*, 443 U.S. at 319; *Green*, 94 Wn.2d at 221-222. Reviewing courts also must defer to the trier of fact "on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821, 874-875, 83 P.3d 970 (2004).

A person commits first degree child molestation when, being at least 36 months older and not married to the victim, he or she knowingly has sexual contact with an individual younger than 12. RCW 9A.44.083. The crime was alleged to have been committed between May 1, 2014, and August 31, 2014. Mr. Diaz only challenges the sufficiency of the evidence of M.G.'s age. Thus, the evidence needed to show that M.G. did not turn 12 before September 1, 2014.

No one testified concerning M.G.'s birth date, a fact that would have simplified this issue. The victim's mother testified that Mr. Diaz moved into her house between

September and October 2013.  M.G. did testify that at the time of trial in October 2018,

she was 15 years of age and in the 10th grade.  She also testified that she was 10 when

Mr. Diaz moved into her family home.

This evidence allowed the jury to find that M.G. was 10 in the fall of 2013,

meaning that she could not have turned 12 by the following summer when the abuse was

alleged to have occurred.  At most, she was 11 between May 1 and August 31, 2014.

While skimpier than it needed to be, the evidence allowed the jury to conclude that

M.G. was 11 when the molestation took place.  Accordingly, the evidence supported the

verdict.

*Community Custody Condition*

Mr. Diaz also argues that the court erred in limiting his conduct with children

under 16 unless supervised by an approved adult.  He contends that interferes with his

ability to parent his biological children.

During a period of community custody following release from prison, a defendant

may be subject to crime-related prohibitions imposed by the sentencing court.  RCW

9.94A.703(3)(f).  We review these prohibitions for abuse of discretion.  *State v. Riley*,

121 Wn.2d 22, 37, 846 P.2d 1365 (1993).  Custody prohibitions may infringe upon a

defendant's rights so long as these restrictions are reasonably necessary to accomplish the

State's interests to prevent further criminal conduct.  *Id*. at 37-38.  Discretion is abused

when exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Limitations on contact with one's own children must be imposed sensitively with respect for the offender's constitutional right to parent and are subject to strict review. *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 377, 229 P.3d 686 (2010); *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008), *cert. denied*, 129 S. Ct. 2007 (2009). The State has a compelling interest in preventing harm to children. *State v. Corbett*, 158 Wn. App. 576, 598, 242 P.3d 52 (2010). Thus, it can be permissible to prohibit an offender from contacting his own children. *Id*. at 599-600; *State v. Berg*, 147 Wn. App. 923, 927, 198 P.3d 529 (2008).

In *Corbett*, this court concluded that a community custody condition may restrict the defendant's contact with his own children when the defendant committed sexual crimes against the defendant's children or other minors in the defendant's household. *Corbett*, at 599-600. That is the situation here. Mr. Diaz lived in the same household as M.G. and A.G. Evidence suggests that he used his relationship to commit crimes against these victims. It was reasonable for the court to impose a condition limiting Mr. Diaz's contact with any minor, including those biologically related to him.

5

No. 36480-1-III
*State v. Gomez-Diaz*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Siddoway, J.

6